UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE A. ROJAS,

    Plaintiff,

v.

RIZENDINE, et al.,

    Defendants.

No. 2:18-cv-1935 KJM AC

ORDER

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.    <u>Application to Proceed In Forma Pauperis</u>

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF Nos. 2, 5. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

### III. The Complaint

The complaint purports to bring three distinct claims, all of which implicate the Eighth Amendment (medical care, deprivation of basic necessities, and threats to safety), against nine correctional officers at CSP-Sacramento. The factual bases of these claims overlap, and each include numerous, apparently unrelated matters. Plaintiff alleges, among other things, that Officer Williams failed to prevent urine and feces from being thrown on plaintiff; that Officer Henry thereafter refused to get plaintiff clean clothes; that Officer Torres failed to activate an emergency alarm when plaintiff dislocated his shoulder on a different date; that plaintiff did not receive necessary medical treatment and/or effective pain relief on still other occasions when his shoulder became dislocated; that the shower in his cell was broken, dirty water entered the cell, and various officials refused his request to be moved to a different cell; that food was served to plaintiff on a dirty tray; and that he is suffering unpleasant side effects from involuntary medication. The several pages of additional facts attached to the form complaint are not entirely legible or coherent, and it is unclear which facts refer to which claim.[1]

////

---

[1] Plaintiff has submitted several letters to the court with additional facts, mostly regarding events since the filing of the complaint, but these are ineffective as amendments and will not be considered here.

IV. <u>Failure to State a Claim</u>

"Shotgun" or "kitchen sink" complaints, such as the instant complaint, are strongly disfavored. "The plaintiff who files a kitchen-sink complaint shifts onto the defendant and the court the burden of identifying the plaintiff's genuine claims and determining which of those claims might have legal support. . . . It is the plaintiff['s] burden, under both Rule 8 and Rule 11, to reasonably investigate their claims, to research the relevant law, to plead only viable claims, and to plead those claims concisely and clearly, so that a defendant can readily respond to them and a court can readily resolve them." <u>Gurman v. Metro Housing & Redevelopment Authority</u>, 842 F. Supp. 2d 1151, 1153 (D. Minn. 2011).

Moreover, although the Federal Rules of Civil Procedure permit a plaintiff to join multiple claims against a single defendant, <u>see</u> Fed. R. Civ. P. 18(a), multiple defendants may be named in a single complaint only if the claims against them involve common questions of law or fact. Fed. R. Civ. P. 20(a)(2) (joinder of defendants is permitted if "any right to relief is asserted against them . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action"). In other words, joining more than one claim in a single complaint is proper when the claims are against the same defendant, but joining multiple defendants in one complaint is proper only the claims against them are based on the same facts. Here the claims against the various defendants are not all based on the same facts.

The complaint's lack of clarity and coherence, and non-compliance with Rule 8, make screening difficult. The undersigned has not identified any factual allegations that state a claim for relief against any named defendant. For example, an Eighth Amendment claim for deliberate indifference to medical needs requires facts demonstrating that each defendant knew of a serious medical risk and consciously failed to address it. See <u>Farmer v. Brennan</u>, 511 U.S. 825, 845 (1994); <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1057 (9th Cir. 2004). There must be facts showing that the defendant acted with a culpable state of mind. <u>Id.</u> Officer Williams' failure to protect plaintiff from having urine and feces thrown at him does not satisfy this standard. Plaintiff's allegation that he "could have" caught a disease does not demonstrate the existence of a serious

4

medical risk, let alone defendant's knowledge of such a risk.  Plaintiff similarly includes the issue of dirty water in his cell as a medical issue, but does not allege any adverse health consequences.  Officer Torres' failure to summon emergency medical attention for a dislocated shoulder that plaintiff was able to adjust himself does not necessarily implicate the Eighth Amendment – more facts are needed.  The bare allegation that unspecified meds were skipped does not state a claim.  Allegations that plaintiff's apparently chronic shoulder issues were not treated to his satisfaction also fail to state claim, because the allegations do not suggest more than a difference of opinion about treatment.  See Jackson v. McIntosh, 90 F.3d 330 (9th Cir. 1996).

Sanitation problems can support an Eighth Amendment claim.  See Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000).  However, plaintiff's cursory allegations about the broken shower, lack of cleaning supplies, and dirty food tray do not demonstrate either the severity or the persistence of conditions necessary to demonstrate a constitutional violation.

For all these reasons, the complaint will not be served.  Plaintiff will be given the opportunity to amend.

V.     Leave to Amend

If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled

in subsequent amended complaint to preserve appeal).  Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### VI. Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

The court has screened your complaint and finds that the facts you have alleged are not enough to state a claim for relief.  You may try to amend your complaint.

An amended complaint should be limited to constitutional violations that are factually related to each other.  If you include allegations about many different things, you will not be allowed to proceed.

Any claim challenging medical care, unsanitary conditions, or failure to protect you from danger must include facts showing that specific defendant(s) knew there was a serious risk of harm to you and deliberately disregarded that risk.  You must include details that show the seriousness of the condition.  Limit the details you provide to facts that show a risk was serious and that a defendant knew it and did not care.

If you choose to amend your complaint, the first amended complaint must include all of the claims you want to make because the court will not look at the claims or information in the original complaint.  **Any claims not in the first amended complaint will not be considered.**

### CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint does not state a claim for relief and will not be served.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in dismissal of this action.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: April 6, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE