UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| JOSE A. ROJAS, | No. 2:18-cv-1935 KJM AC P |
| --- | --- |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| RIZENDINE, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983. His First Amended Complaint, ECF No. 17, is before the court for screening.

I. Procedural History

Plaintiff's original complaint, ECF No. 1, was screened and found unsuitable for service, ECF No. 14. The undersigned found that the complaint did not comply with Rule 8 of the Federal Rules of Civil Procedure, in that it did not provide a "short and plain statement" of the grounds for relief, and that the factual allegations (to the extent that the court could determine which allegations were intended to support which claims) did not state a claim for relief. Id. Plaintiff was granted leave to amend, and was informed of the requirements of Rule 8, the basic pleading principles applicable under Section 1983, and the elements of the constitutional claims that he was trying to assert. Id.

////

1

The First Amended complaint followed. ECF No. 17. It is 57 pages long and consists mostly of detailed narrative that covers a great many events, issues, and concerns of plaintiff's, some of which appear related to the stated claims for relief (deliberate indifference to serious medical needs and violation of right to equality) and some of which do not. Id.

II. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain

something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

### III. The First Amended Complaint

The FAC is more than four times longer than the original pleading, and even more difficult to follow due to the level of detail and frequent narrative digressions. Plaintiff names nine defendants; although there is some overlap with the original complaint, several defendants have been dropped and several more have been added. Compare, ECF No. 1 at 2-3, ECF No. 17 at 2-3. The FAC brings two claims, identified as an Eighth Amendment claim and a denial of equality. See ECF No. 17 at 4, 26. The Eighth Amendment claim appears to combine and supplement the three distinct Eighth Amendment claims (inadequate medical care, deprivation of basic necessities, and threats to safety) that were presented in the original complaint. Both claims of the FAC appear to rest on the same factual narrative(s) and exhibits. See ECF No. 17 at 4-26, 29-49. The undersigned will not attempt here to summarize the allegations; the near impossibility of doing so demonstrates plaintiff's continued failure to comply with Rule 8 of the Federal Rules of Civil Procedure.

### IV. The FAC Does Not Comply with Rule 8

Plaintiff's lengthy and discursive pleading fails to provide the short and plain statement that the federal rules require. Despite the liberality with which pro se complaints are to be

construed, "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases. Crawford-El v. Britton, 523 U.S. 574, 597 (1998) (citations and internal quotation marks omitted). Despite having been advised of the requirements of Rule 8, the importance of brevity, and the need for clear articulation of which facts are intended to support a claim against which defendants, the FAC is even more difficult to follow than the original.

"Shotgun" or "kitchen sink" complaints, such as this FAC, are strongly disfavored. "The plaintiff who files a kitchen-sink complaint shifts onto the defendant and the court the burden of identifying the plaintiff's genuine claims and determining which of those claims might have legal support. . . . It is the plaintiff['s] burden, under both Rule 8 and Rule 11, to reasonably investigate their claims, to research the relevant law, to plead only viable claims, and to plead those claims concisely and clearly, so that a defendant can readily respond to them and a court can readily resolve them." Gurman v. Metro Housing & Redevelopment Authority, 842 F. Supp. 2d 1151, 1153 (D. Minn. 2011).

Rather than providing the "simple, concise, and direct" averments required by the Rules, plaintiff's FAC is even more "argumentative, prolix, [and] replete with redundancy" than the original. McHenry v. Renne, 84 F.3d 1172, 1177, 1178 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning) (citations and internal quotation marks omitted). The FAC does not permit meaningful evaluation of plaintiff's claims on screening pursuant to 28 U.S.C. § 1915A. It is not the court's job to sift through plaintiff's ramblings for facts which might state a claim for relief. See id. at 1180. Accordingly, the undersigned recommends dismissal for failure to state a claim, failure to comply with Rule 8, and failure to comply with the court's previous order permitting amendment to cure the Rule 8 violation.[1]

V. No Leave to Amend

Leave to amend need not be granted when amendment would be futile. Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013). The failure to cure deficiencies previously

---

[1] The screening order also noted that plaintiff appeared to have improperly joined defendants whose alleged liability arose from different incidents. See ECF No. 14 at 4 (citing Fed. R. Civ. P. 20(a)(2)). This defect has also not been corrected, or improved upon, in the FAC.

4

identified supports denial of further leave to amend.  See Foman v. Davis, 371 U.S. 178, 182 (1962).  Here, leave to amend and instructions for amendment were previously provided, and the amended pleading was even further from compliance with applicable standards than the original.  The problem is not that certain facts essential to a claim are missing, but that the FAC is not reasonably comprehensible.  The history of screening and amendment convinces the undersigned that further amendment would be futile.

VI. Plain Language Summary of this Order for a Pro Se Litigant

Your First Amended Complaint is so long, and so difficult to read and understand, that the magistrate judge cannot identify facts that state a claim for relief against any defendant.  Because you have already been given the chance to amend, and the FAC is even more confusing than the original, it is being recommended that the complaint be dismissed without further leave to amend.

CONCLUSION

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. The complaint be DISMISSED pursuant to 28 U.S.C. § 1915A(a), without leave to amend, for failure to state a claim upon which relief may be granted; and

2. This case be CLOSED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 24, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE